## Third Department, July, 1983

### (July 7, 1983)

■ In the Matter of John Kuttas, Petitioner. Departmental Disciplinary Committee for the First Judicial Department, Respondent. — Application by petitioner for reinstatement as an attorney and counselor at law. Petitioner was admitted to practice by the Appellate Division, First Judicial Department, on December 3, 1956. Following his indictment in May, 1970 in Suffolk County, petitioner was disbarred in January, 1971 by order of the First Department entered upon consent. In February, 1971, petitioner was convicted of conspiracy in the third degree, a misdemeanor, upon a plea of guilty. In July, 1982, the First Department denied petitioner's first application for reinstatement, without prejudice to renewal upon a substantial showing of clear and convincing evidence of good moral character and general fitness to practice law. The instant application for reinstatement was transferred to this court by the *Appellate Division, First Department, on January 27, 1983*. The application was thereafter referred to Honorable J. Clarence Herlihy, former Presiding Justice of this court, to hear and report on the issue of petitioner's character and fitness to practice law. The referee has reported that petitioner possesses the requisite character and fitness to resume the practice of law and recommends approval of the application. Application granted and petitioner, John Kuttas, reinstated as an attorney and counselor at law, effective immediately. Order entered. Mahoney, P. J., Sweeney, Main, Yesawich, Jr., and Weiss, JJ., concur.

■ The People of the State of New York, Respondent, v William McNally, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered March 9, 1981, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the second degree. As a result of an incident which occurred at approximately 5:00 A.M. on June 1, 1980 at 35 Hunting Road in the Town of Colonie, Albany County, wherein defendant and one Michael Lanahan allegedly possessed stolen property consisting of, *inter alia,* $50 in United States currency, $1,050 in traveler's checks and a credit card, defendant and Lanahan were indicted on two counts of criminal possession of stolen property in the second degree (Penal Law, § 165.45, subds 1, 2). The second count was later dismissed, but defendant was found guilty of the first count (Penal Law, § 165.45, subd 1) and sentenced, as a second felony offender, to an indeterminate term of imprisonment of two to four years. The instant appeal followed. We hold that the challenged judgment should be affirmed. For the reasons stated in our decision on the appeal of the codefendant herein, we find without merit defendant's arguments that the court erred in denying his suppression motion and in charging the jury as to the value of the allegedly stolen traveler's checks (see *People v Lanahan,* 89 AD2d 629). Similarly, the guilty verdict was amply supported by the evidence and the court did not abuse its discretion in denying the defendant's motion for a severance, particularly where no statement of codefendant Lanahan inculpating defendant was received into evidence (cf. *People v Jackson,* 22 NY2d 446; see, also, *People v Bornholdt,* 33 NY2d 75, cert den *sub nom. Victory v New York,* 416 US 905). Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.